Robert Scott CORK,
Plaintiff/Appellant,

v.

ST. CHARLES COUNTY, Missouri,
Defendant/Respondent.

No. ED 76125.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 8, 2000.

Stephen R. Fleddermann, St. Charles, for appellant.

Stephanie Karr, Mary S. Tansey, St. Charles, for respondent.

KATHIANNE KNAUP CRANE, Presiding Judge.

Plaintiff was a former employee of St. Charles County who had the duty to clean paint from trucks and equipment. He rinsed the trucks in a gravel lot, causing pollutants to run off into a tributary of navigable waters, for which he was charged with criminal violations of the federal Clean Water Act. He pleaded guilty to two of the violations and was sentenced. He then brought an action against the county for damages he suffered as a result of his conviction and sentence, alleging the county failed to properly train him or obtain a disposal permit.[1] The trial court granted the county's motion for summary judgment. On appeal, plaintiff argues that the trial court erred in entering summary judgment as his criminal conviction does not collaterally estop him from bringing this action.

■ Plaintiff's guilty plea and federal conviction collaterally estop him from denying his guilt for the Clean Water Act violations. *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 503 (Mo.App.1985); *In re Estate of Laspy,* 409 S.W.2d 725, 736 (Mo.App.1966). By his plea of guilty and conviction, plaintiff admitted his culpability for his role in the criminal violation. It is a general, fundamental maxim of the common law that no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own inequity, or to acquire property by his own crime. *Laspy,* 409 S.W.2d at 728–30. Over ninety years ago our supreme court expressed these maxims as follows:

> It is a maxim of the law that no man can make his own misconduct the ground for an action in his own favor. Another is that where the fault is mutual the law will leave the case as it finds it. It is a cardinal maxim of equity that he who seeks equity must come into court with clean hands. It is against public policy to adjust equities between wrongdoers, or to permit courts maintained by the common purse to fritter away time (mortgaged to justice) indemnifying those suffering loss by reason of violation of law.

*Avery v. Central Bank of Kansas City,* 221 Mo. 71, 119 S.W. 1106, 1110–11 (1909). Plaintiff may not recover damages in tort for the consequences he suffered as a result of his criminal acts. The trial court did not err in entering summary judgment against plaintiff.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.

---

1. His other claims are not part of the issues on this appeal.